IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIACONU EUFROSINA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT GATES, Secretary of Defense, | : | |
| STEVE JOHNSON, Administrator, EPA, | : | |
| U.S. DEPARTMENT OF DEFENSE, | : | |
| U.S. ENVIRONMENTAL PROTECTION | : | |
| AGENCY | : | NO. 08-3633 |

**MEMORANDUM**

**Baylson, J.**                                                                              **March 5, 2009**

## I. Introduction

This case concerns allegations by Plaintiff that she suffered injuries, particularly the development of uterine cancer, as a result of exposure to toxic chemicals during her employment with the Department of Defense's Defense Logistics Agency ("DLA") and Defense Personnel Support Center ("DPSC"). (Doc. 1, Ex. B at 2).

Plaintiff, pro se, first filed a suit based on those allegations in the federal District Court for the District of Columbia in July 2007. Defendants, represented by the United States Attorney's Office ("USAO") moved for dismissal, arguing that Plaintiff had failed to exhaust her administrative remedies. Without addressing that issue, Judge Sullivan of that District Court concluded that the District of Columbia was not the correct venue and transferred the case to this Court in August 2008. (Doc. 1). In an Order and Memorandum on November 24, 2008, this Court rejected Plaintiff's objections to the transfer and upheld the transfer. (Doc. 7). After a court hearing on January 29, 2009, the Court requested the government to meet with Plaintiff to

explain the government's position on Plaintiff's need to exhaust administrative remedies and then to file a memorandum with the Court clarifying its position on the issue of exhaustion. (Doc. 17). The USAO now requests that this Court dismiss the suit due to Plaintiff's failure to exhaust her administrative remedies.

II.     **Factual Background**

   A.     **Earlier Suits and the 2007 Administrative Claim re: Central Nervous System Injuries**

Nearly ten years ago, Plaintiff filed several related cases in the Eastern District of Pennsylvania alleging various injuries to her central nervous system as a result of her employment with the DLA and DPSC; those claims were dismissed on statute of limitations grounds. See Eufrosina Diaconu v. Defense Logistics Agency, 1999 WL 238954 (E.D. Pa. April 2, 1999), aff'd, 33 Fed. Appx. 647 (3d Cir. April 16, 2002). In May 2007, Plaintiff filed an administrative claim based on her central nervous system injuries with the Pentagon. (Federal Tort Claim # 08-371-T022).

However, because the Pentagon was not the proper agency to deal with the claim, it transferred the claim to Fort Dix in New Jersey in January 2008. That claim is currently pending, and as recently as December 2008, Fort Dix contacted Plaintiff requesting additional information to help process the claim. (Doc. 21, Ex. 6). The USAO represents that the review process for this claim is nearing completion. (Doc. 21). While related to Plaintiff's current suit, that administrative claim concerns different injuries than those alleged in the case now before this Court. Thus the fact that Plaintiff filed her 2007 administrative claim and that it is still pending does not satisfy her obligation to exhaust her administrative remedies for the instant case.

**B.     Current Suit and the 2008 Administrative Claim re: Uterine Cancer**

Plaintiff alleges that in May 2006 she discovered that in addition to her central nervous system injuries, she also suffered from uterine cancer. In January 2007, Plaintiff attempted to reopen her earlier suit to allege that the newly discovered cancer was an additional injury arising from her employment. Judge Pollack denied the request to reopen the previous case but then instructed Plaintiff she could file a new suit based on her recent discovery of a latent illness. Diaconu v. Defense Logistics Agency, 2007 WL 966506, at *3-5 (E.D. Pa. March 27, 2007).

After that decision, in May 2007, the USAO sent Plaintiff a letter explaining that she must file an administrative claim regarding the cancer before pursuing her suit in federal court. (Doc. 21, Ex. 3). The letter instructed Plaintiff that she must file the claim with Fort Dix and provided the form (SF 95) she needed to complete. However, Plaintiff failed to follow these instructions and instead filed the current suit based on her uterine cancer in July 2007 in the District of Columbia. As noted above, that case was then transferred to this Court. (See Doc. 1.)

In October 2008, Plaintiff did file an administrative claim regarding the uterine cancer, different from the July 2007 administrative claim regarding the nervous system injuries. However, Plaintiff once again incorrectly, and in disregard of the May 2007 letter from the USAO, filed the claim with the Pentagon rather than Fort Dix. (Doc. 21, Ex. 2). The USAO contends that it was unaware of this most recent administrative claim until the hearing on January 29, 2009 and that it is attempting to determine the status of that claim. However, the USAO requests that this Court dismiss the suit due to Plaintiff's failure to exhaust her administrative remedies and instruct Plaintiff to re-file an administrative claim based on the uterine cancer with Fort Dix within sixty (60) days of dismissal. (Doc. 21).

Assuming Plaintiff files the administrative claim, the Court would prefer to place this case in suspense pending completion of the administrative claim.  Putting the case in suspense will obviate the need for Plaintiff to refile a case if her administrative claim is unsuccessful.  However, if Plaintiff fails to file the administrative claim, it is likely that this case will be dismissed.  Given the background of this case and the Plaintiff's familiarity with the issues, the Court will give Plaintiff thirty (30) days to refile her administrative claim with the Office of Staff Judge Advocate in Fort Dix, NJ, as set forth in the Order.  Plaintiff should file a copy of the claim with the Clerk of this Court, and upon doing so, this Court will place the case in suspense.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIACONU EUFROSINA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT GATES, Secretary of Defense, | : | |
| STEVE JOHNSON, Administrator, EPA, | : | |
| U.S. DEPARTMENT OF DEFENSE, | : | |
| U.S. ENVIRONMENTAL PROTECTION | : | |
| AGENCY | : | NO. 08-3633 |

**ORDER**

AND NOW, this 5th day of March 2009, after reviewing the motions and documents before the Court, it is hereby ORDERED as follows:

1.  Within thirty (30) days, Plaintiff must re-file her administrative claim regarding the cancer with Fort Dix. Plaintiff should mail her claim to:

> Office of Staff Judge Advocate
> ATTN: Claims Judge Advocate
> Fort Dix, New Jersey 08640

2.  Plaintiff must file a copy of that claim with the Clerk's Office of this Court.

3.  Once the Court is advised that Plaintiff has timely filed her claim with Fort Dix, it is likely that the Court will place this case in suspense pending adjudication of the administrative claim.

3.  Plaintiff's Motion for Continuance (Doc. 18) is DENIED as moot.

4.  Plaintiff's Motion for Appointment of Counsel (Doc. 19) is DENIED in that

Plaintiff is still proceeding before an administrative agency and she has not made any claim of poverty. The Court encourages Plaintiff to retain counsel.

BY THE COURT:

s/Michael M. Baylson

_____

Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\08-3633 Eurfrosina v. Gates\order and memo re admin.wpd