IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIACONU EUFROSINA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT GATES, Secretary of Defense, | : | |
| STEVE JOHNSON, Administrator, EPA, | : | |
| U.S. DEPARTMENT OF DEFENSE, | : | |
| U.S. ENVIRONMENTAL PROTECTION | : | |
| AGENCY | : | NO. 08-3633 |

**MEMORANDUM**

Baylson, J.                                                                                                             November 24, 2009

**I.**     **Introduction**

This case concerns allegations by former federal employee Plaintiff Diaconu Eufrosina that she suffered injuries, including the development of uterine cancer, as a result of exposure to toxic chemicals during her employment with the Department of Defense's Defense Logistics Agency ("DLA") and Defense Personnel Support Center ("DPSC"). (Doc. 1, Ex. B at 2.) Pending before the Court are the parties' cross-motions: (1) Defendants' ("the government") Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. No. 32), and (2) Plaintiff's[1] Motion for Summary Judgment (Doc. No. 31). For the reasons stated below, the Court will grant the government's Motion to Dismiss, will deny the Plaintiff's Motion for Summary Judgment, and will dismiss the case.

---

[1] Eufrosina refers to herself as "Plaintiff/Class Agent" in her filings; however, Eufrosina only appears to represent herself and has not identified a class she seeks to represent. Moreover, Judge Weiner already determined that Eufrosina's personal injury allegations were insufficient to bring a class action against DLA. See Eufrosina v. Defense Logistics Agency, No. 09-6533, 1999 WL 238954, at *1 n. 2 (E.D. Pa. Apr. 2, 1999) (Weiner, J.) ("Eufrosina I").

II.     **Factual and Procedural Background**[2]

The Court's March 5, 2009 Memorandum placing this case in suspense pending adjudication of Eufrosina's administrative claim respecting cancer detailed much of the history of this and several related cases. Eufrosina v. Gates, No. 08-3633, 2009 WL 564448, at *1-2 (E.D. Pa. Mar. 5, 2009) ("Eufrosina III"). The Court sets forth the factual and procedural background relevant to the pending Motions below.

   A.   **Eufrosina's Earlier Claims Respecting Central Nervous System Injuries**

Over ten years ago, Eufrosina filed several related cases in the Eastern District of Pennsylvania alleging that she suffered various injuries to her central nervous system as a result of her employment with the DLA and DPSA; those cases were dismissed on statute of limitations grounds. See Eufrosina v. Defense Logistics Agency, No. 98-6533, 1999 WL 238954 (E.D. Pa. Apr. 2, 1999) (Weiner, J.) ("Eufrosina I"), aff'd, 33 F. App'x 647 (3d Cir. Apr. 16, 2002). In May 2007, Eufrosina filed an administrative claim respecting her central nervous system injuries with the Pentagon, which was not the proper agency. (Docket No. 21, Ex. 5.) In March 2009, the Torts Claim Division of the Department of the Army ("Tort Claims Division") denied Eufrosina's claim on the basis that the Federal Employees' Compensation Act ("FECA") provides the exclusive remedy for Eufrosina's alleged injuries, thereby barring her FTCA claim. (See Docket No. 32, Ex. 2.)

   B.   **Eufrosina's Claims Respecting Uterine Cancer**

In July 2007, Plaintiff, pro se, commenced this action seeking relief under the Federal

---

[2]     Plaintiff has also requested that the court transfer the case back to the District Court for the District of Columbia, but this is impossible, because that court transferred the case to this Court.

Tort Claims Act, 28 U.S.C. § 2673 et seq., for the uterine cancer she alleges that she developed during her employment with DLA and DPSC, in the federal District Court for the District of Columbia. (Docket No. 32, Ex. 1.) On July 7, 2008, the District Court for the District of Columbia determined that Eufrosina "brings multiple tort claims" against the government and "seeks relief via money damages. Accordingly, the Court . . . construe[d] [Eufrosina]'s complaint as an Federal Tort Claims Act ("FTCA") action against the United States." (Docket No. 1, at 4.) Because FTCA actions may only be prosecuted "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred," 28 U.S.C. § 1402, and because Eufrosina resides in Philadelphia, the District Court for the District of Columbia transferred the case to this court. (Docket No. 1, at 3.) The government had filed a motion to dismiss the suit due to Eufrosina's failure to exhaust her administrative remedies. Eufrosina v. Gates, No. 07-1358, Docket No. 6 (D. D.C. Jan. 4, 2008) ("Eufrosina II").

On March 5, 2009, after conducting a hearing, this Court determined that Eufrosina had filed an administrative claim in October 2008 respecting her uterine cancer, which was different from her earlier July 2007 administrative claim regarding her nervous system injuries. Eufrosina III, 2009 WL 564448, at *2; (see also Gov't Mot. to Dismiss, Ex. 2.) Again, Eufrosina incorrectly filed her claim with the Pentagon. (Doc. 21, Ex. 2.) Accordingly, the Court ordered Eufrosina to re-file her administrative claim with the Tort Claims Division and placed the case in suspense pending adjudication of that claim. (Docket No. 22.)

On April 22, 2009, the Torts Claim Division interpreted Eufrosina's claim respecting her uterine cancer "as a request for reconsideration" of her July 2007 administrative claim, and affirmed the claim denial, again concluding that the FECA barred Eufrosina's FTCA claim.

3

(Gov't Mot. to Dismiss, Ex. 2.) Eufrosina subsequently filed a motion to remove this action from the suspense docket (Docket No. 31), which the Court granted (Docket No. 35). On September 26, 2009, the government filed a Motion to Dismiss, or, in the Alternative, for Summary Judgment (Docket No. 32), and on November 6, 2009, Eufrosina filed a Motion for Summary Judgment. (Docket No. 33.)

**III. Discussion**

**A. The Parties' Contentions**

The government contends that because Eufrosina seeks relief for injuries she sustained while at her workplace, her "sole remedy . . . lies under the FECA," thus barring her FTCA claims. (Gov't Mot. to Dismiss 6.) The government draws support from the fact that 'the claims office of [Eufrosina]'s employing federal agency . . . advised [her] that her claims are cognizable only under FECA." (Gov't Mot. to Dismiss 6.) Accordingly, the government avers that it is entitled to dismissal of Eufrosina's claim.

Eufrosina responds that she only worked for the DPSC, which "is still a field activity of DLA and not a field activity of [the Department of Defense ("DoD")]," and thus, she has never been employed by the DoD. (Pl.'s Mot. to Dismiss 2.) Eufrosina, however, states that the DPSC property "is owned by the United States Army." (Pl.'s Resp. to Gov't's Mot. to Dismiss 2.) Eufrosina also avers that the question of whether or not she is a "government employee[]" is "irrelevant to the instant case" because the DoD and the Environmental Protection Agency ("EPA") are "third part[ies]," and because the FECA is not applicable to this case. (Pl.'s Resp. to Gov't's Mot. to Dismiss 3, Docket No. 31; <u>see also</u> Pl.'s Mot. for Summ. J. 2-3.) The rest of Eufrosina's arguments are not summarized here, because they do not relate to whether the Court

4

has jurisdiction over her claims, and thus, whether the Court should dismiss her claims.

**B.    Analysis**

As a preliminary matter, the Court has determined that Eufrosina was a federal government employee because, as she concedes, she was employed by the DPSC, which is a branch of the United States Army.  (See Pl.'s Resp. to Gov't's Mot. to Dismiss 2.)  With respect to her FTCA claim, Chapter 171 of the FTCA provides that the Act does not cover tort claims, by stating as follows:

> [The Act] shall not apply to—
> \* \* \*
> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h).  As a result, Eufrosina is not entitled to relief for her personal injuries under the FTCA.  Instead, the FECA, which provides a comprehensive compensation scheme for federal employees' work-related injuries, is the exclusive remedy for such injuries.[3]  "Where

---

[3]The FECA provides, in relevant part:

> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. However, this subsection does not apply to a master or a member of a crew of a vessel.

5 U.S.C. § 8116(c).

[the] FECA applies, it unambiguously precludes 'all other liability of the United States" either "under a workmen's compensation statute or under a Federal tort liability statute.'" Di Pappa v. United States, 687 F.2d 14, 17 (quoting 5 U.S.C. § 8116(c)). FECA coverage therefore bars Eufrosina from bringing this claim.

In addition, federal courts lack subject matter jurisdiction to entertain claims that are covered by the FECA. See 5 U.S.C. § 8128(b) (providing that the Secretary of Labor's decision to allow or deny FECA relief is "not subject to review . . . by a court by mandamus or otherwise"); see also Heilman v. United States, 731 F.2d 1104, 1110 (3d Cir.1984); DiPippa, 687 F.2d at 17. As a result, granting Eufrosina leave to amend her Complaint to seek relief for her personal injuries under the FECA would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (determining that futility "devolve[s] to [an] instance[] when permitting amendment would be inequitable"). The Court, however, notes that Eufrosina could still seek FECA relief by filing an administrative claim with the Department of Labor's Office of Workers' Compensation Programs. The Court expresses no view as to whether Eufrosina's claim would be timely or whether she would be entitled to any relief.

## IV. Conclusion

For the reasons detailed above, the Court will grant the government's Motion to Dismiss, will deny Eufrosina's Motion for Summary Judgment, and will dismiss the action without prejudice to Eufrosina seeking FECA relief by filing an administrative claim with the Department of Labor. An appropriate Order follows.